**AFFIRM; Opinion Filed February 5, 2018.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-17-00171-CR

### JOHNTA SILVERBURG, Appellant
### V.
### THE STATE OF TEXAS, Appellee

**On Appeal from the 416th Judicial District Court**
**Collin County, Texas**
**Trial Court Cause No. 416-81700-2015**

## MEMORANDUM OPINION

Before Justices Bridges, Myers, and Schenck
Opinion by Justice Schenck

Johnta Silverburg appeals his conviction for continuous trafficking of persons. In a single

issue, he contends the trial court erred by denying his request for an accomplice-witness instruction

to be included in the jury charge. We affirm the trial court judgment. TEX. R. APP. P. 47.4.

### BACKGROUND

Appellant met Kayla Matteson in early 2011. At first, he cared for her son while she

worked as a prostitute, and by the end of that year, he came to be managing her prostitution,

requiring her to give him the money she made. Over the years, appellant lived with Matteson and

with other women.

In early 2015, appellant met C.P. online. He provided C.P.'s information to Matteson, so

that she could purchase a bus ticket for C.P to travel from El Paso to Dallas. C.P. then moved into

a rented house where appellant, Matteson, and two other women were living. Matteson did not talk to C.P., but she learned from appellant that C.P. was 17, not 18. Matteson attempted to convince appellant it was not a good idea for a minor to be living with them, but when that attempt failed, she took C.P. to a runaway shelter. At the shelter, C.P. received a tablet computer that she used to send nude photographs of herself to appellant.

A grand jury indicted appellant with seven counts of trafficking of persons, six as to Matteson and one as to C.P. Appellant proceeded to a trial before a jury at which Matteson testified. After the State concluded presenting its evidence, appellant challenged the sufficiency of the evidence presented and moved for an instructed verdict on all counts. The trial court granted the motion as to two of the counts related to Matteson and as to the sole count related to C.P. At the conclusion of evidence, and out of the presence of the jury, the trial court asked if either the State or defense had any objections to the jury charge. Defense counsel answered that he had no objections but "thought of a special request."

> DEFENSE COUNSEL: I'm requesting an accomplice witness testimony charge, Your Honor.
>
> THE COURT: Against?
>
> DEFENSE COUNSEL: That they don't convict Mr. Silverburg based upon her testimony, that she is an accomplice.
>
> THE COURT: That request is denied.

The jury found appellant guilty of the offense of continuous tracking of persons, and the trial court sentenced him to forty years in prison. Appellant timely filed this appeal.

## DISCUSSION

An accomplice is someone who, under the evidence, could have been charged with the same or lesser-included offense as that with which the defendant was charged. *See Zamora v. State*, 411 S.W.3d 504, 510 (Tex. Crim. App. 2013). A proper accomplice-witness instruction informs the jury that a witness is either an accomplice as a matter of law or an accomplice as a

matter of fact.  *See id.*  Whether a defendant is entitled to an accomplice-witness instruction is a function of the evidence produced at trial.  *Ash v. State*, PD-0244-16, 2017 WL 2791727, at *4 (Tex. Crim. App. June 28, 2017).  If the record contains evidence that a witness may have been an accomplice, the issue should be submitted to the jury to decide whether the witness was an accomplice as a matter of fact.  *Id.*

A witness is an accomplice as a matter of law in the following situations: (1) if the witness has been charged with the same offense as the defendant or a lesser-included offense; (2) if the State charges a witness with the same offense as the defendant or a lesser-included of that offense, but dismisses the charges in exchange for the witness's testimony against the defendant; and (3) when the evidence is uncontradicted or so one-sided that no reasonable juror could conclude that the witness was not an accomplice.  *Ash*, 2017 WL 2791727, at *5–6.

When the issue of a trial court's failure to give an accomplice-witness instruction is raised on appeal, we first determine whether a trial court erred by failing to sua sponte give that instruction before it considers whether a defendant preserved his complaint for appeal, a matter that is pertinent to a harm analysis.  *See Zamora*, 411 S.W.3d at 506.  While the State urges that the standard of review is abuse of discretion, we note the Court of Criminal Appeals has not conclusively settled that question.  *But see Smith v. State,* 332 S.W.3d 425, 441 (Tex. Crim. App. 2011) (noting trial judge has "some discretion" in determining whether a witness is an accomplice in law but ultimately avoiding reconsideration of rule treating witness under indictment as *per se* accomplice in law); *see also Paredes v. State,* 129 S.W.3d 530, 537 (Tex. Crim. App. 2004) (noting trial court did not "abuse its discretion" in declining to give any accomplice instruction in fact or law).  However, because we conclude the evidence of Matteson's involvement was too weak to compel an instruction as a matter of law regardless of the standard, we have no

further need to explore the standard of review issue. *See Ayala v. State*, No. 05-14-00530-CR, 2015 WL 3869722, at *4 (Tex. App.—Dallas June 23, 2015, pet. ref'd).

Appellant argues Matteson was an accomplice as a matter of law because she was susceptible to prosecution for the lesser-included offense of trafficking a person. Alternatively, he argues she was an accomplice as a matter of law because she was susceptible to prosecution for the offense for which he was charged: continuous trafficking of persons. Finally, he argues she was an accomplice as a matter of fact. Appellant focuses his arguments on the charge in the indictment for trafficking C.P. We will do the same.

A person commits the offense of continuous trafficking of persons if that person engages two or more times in conduct constituting trafficking of persons under section 20A.02 of the penal code against one or more victims, during a period that is thirty or more days in duration. *See* TEX. PENAL CODE ANN. § 20A.03(a). A person commits the offense of trafficking of persons if the person knowingly traffics a person and through force, fraud, or coercion causes the trafficked person to engage in the offense of prostitution. *See id.* § 20A.02(a)(3)(A). The penal code defines "traffic" to mean to transport, entice, recruit, harbor, provide, or otherwise obtain another person by any means. *See id.* § 20A.01(4). A person also commits the offense of trafficking of persons if the person knowingly traffics a person younger than 18 years of age and by any means causes the trafficked person to engage in the offense of sexual performance by a child. *See id.* §§ 20A.01(1), 20A.02(a)(7)(I). Under the penal code, "sexual performance" includes any photograph that includes lewd exhibition of the child's private areas and that can be exhibited before an audience of one or more persons. *See id.* § 43.25.

Regarding whether Matteson was an accomplice as a matter of law, she was never charged with the same offense as appellant or a lesser-included offense. Thus, the sole question is whether the evidence was so one-sided that any rational juror would have concluded Matteson was an

–4–

accomplice as a matter of law.  *See Ash*, 2017 WL 2791727, at \*5–6.  We conclude that it is not nearly so one-sided.  The record shows that while Matteson purchased a bus ticket online for C.P. and that C.P. then travelled to a home at which Matteson paid the rent, Matteson did not know C.P. was a minor at that time and that when she learned C.P. was a minor, she took her to a runaway shelter.  Further, there is no evidence from which a rational juror could infer that Matteson had any intent that C.P. would engage in sexual performance.  Thus, there is insufficient evidence from which any rational juror would have concluded that Matteson knew C.P. was a minor when she purchased C.P.'s bus ticket or that she caused C.P. to engage in sexual performance by a child.  Therefore, there was insufficient evidence from which any reasonable juror would have concluded Matteson was an accomplice as a matter of law.  *See Ash*, 2017 WL 2791727, at \*5–6.

Appellant urges in the alternative that Matteson was an accomplice as a matter of fact, arguing that if the trial court had some reservation about whether Matteson was an accomplice as a matter of law, she qualified, at least, as an accomplice as a matter of fact.  However, as discussed above, there was no evidence that Matteson knew C.P. was a minor when she purchased C.P.'s bus ticket or that she caused C.P. to engage in sexual performance by a child.  Thus, the record does not contain evidence that Matteson may have been an accomplice, such that the issue should have been submitted to the jury to decide whether the witness was an accomplice as a matter of fact.  *See Ash*, 2017 WL 2791727, at \*4.

We conclude the trial court did not err by not including an accomplice-witness instruction in the jury charge.  Accordingly, we overrule appellant's sole issue.

## CONCLUSION

We affirm the trial court's judgment.

/David J. Schenck/
DAVID J. SCHENCK
JUSTICE

DO NOT PUBLISH
TEX. R. APP. P. 47

170171F.U05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

JOHNTA SILVERBURG, Appellant

No. 05-17-00171-CR      V.

THE STATE OF TEXAS, Appellee

On Appeal from the 416th Judicial District
Court, Collin County, Texas
Trial Court Cause No. 416-81700-2015.
Opinion delivered by Justice Schenck,
Justices Bridges and Myers participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered this 5th day of February, 2018.